292 August 7, 2024 No. 556

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. A. T.,
*Appellant.*

Multnomah County Circuit Court No. 20JU03829
Petition No. 114102
A182950 (Control)

In the Matter of W. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. A. T.,
*Appellant.*

Multnomah County Circuit Court No. 20JU03830
Petition No. 114102
A182951

In the Matter of G. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*and*

G. S.,
*Respondent,*

*v.*

M. A. T.,
*Appellant.*

Multnomah County Circuit Court No. 20JU03831
Petition No. 114102
A182952

In the Matter of T. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*and*

T. S.,
*Respondent,*

*v.*

M. A. T.,
*Appellant.*

Multnomah County Circuit Court No. 20JU03832
Petition No. 114102
A182953

In the Matter of C. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. A. T.,
*Appellant.*

Multnomah County Circuit Court No. 20JU03833
Petition No. 114102
A182954

In the Matter of D. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. A. T.,
*Appellant.*

Multnomah County Circuit Court No. 20JU03834
Petition No. 114102
A182957

In the Matter of T. S.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. A. T.,
*Appellant.*

Multnomah County Circuit Court No. 20JU03835
Petition No. 114102
A182959

Francis G. Troy, II, Judge.

Argued and submitted May 29, 2024.

Kyle Sessions Vazquez, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Emily N. Snook, Assistant Attorney General, argued the cause for respondent Department of Human Services. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Ginger Fitch and Youth, Rights & Justice filed the brief for child respondents.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

## PAGÁN, J.

Mother appeals from a juvenile court's orders denying her motion to dismiss dependency jurisdiction over nine of her 10 children. She assigns error to the juvenile court's denial of her motion to dismiss jurisdiction as to the seven youngest children, arguing that the Department of Human Services (DHS) presented insufficient evidence to support ongoing jurisdiction. In response, DHS argues that the juvenile court did not err in concluding that the evidence was sufficient to find that mother's chronic and ongoing neglect, probable continued substance use, and lack of accountability for her harmful behavior, demonstrated that the original jurisdictional bases posed a current threat of serious loss or injury that was likely to be realized. DHS also asserts that mother did not properly preserve her claim on appeal. We conclude that mother sufficiently preserved her argument. We agree with DHS on the merits and affirm.

In reviewing the juvenile court's denial of mother's motion to dismiss for legal error, "[w]e view the evidence, as supplemented and supported by permissible derivative inferences, in the light most favorable to the juvenile court's disposition and we assess whether the evidence was sufficient to permit the challenged determination." *Dept. of Human Services v. D. L.*, 308 Or App 295, 297, 479 P3d 1092 (2020), *rev den*, 367 Or 668 (2021) (internal quotation marks and citation omitted). At the time mother's motion to dismiss was heard, the permanency plan for the children was not reunification; therefore mother bore the burden to demonstrate by a preponderance of the evidence that (1) "the original bases for jurisdiction continue[d] to pose a current threat of serious loss or injury" at the time of the hearing, and (2) that the risk of loss or injury was likely to be realized absent dependency jurisdiction. *Dept. of Human Services v. T. L.*, 279 Or App 673, 685, 379 P3d 741 (2016).

The juvenile court originally took jurisdiction of mother's seven children at issue in this appeal in 2020 on three relevant bases: (1) "mother's substance use impair[ed] her judgment and ability to safely parent the children," (2) "mother failed to provide for the basic physical, medical, and dental needs of the children," and (3) "mother failed

to provide for the educational needs of her children." On appeal, mother argues that DHS failed to prove any *current* risk of harm on these bases, asserting that the evidence only demonstrated a *history* of substance use and past failure to meet her children's needs.

To establish that her substance use still posed a current risk to the children, DHS presented evidence that mother admitted to using methamphetamine "like other people consume alcohol," that she did not fully engage in treatment and missed urinalysis tests, and that she did not acknowledge or appreciate that her continued methamphetamine use caused safety concerns for her children. Additionally, the juvenile court found the DHS caseworker's observations of mother's behavior to be indicative of ongoing substance use that posed a current risk to her children. The caseworker noted mother's unwillingness to engage in services and her heightened volatility, demonstrated by mother throwing a car seat against a wall and throwing a hairbrush at one of her children. Both of those outbursts occurred in the presence of a service provider.

We have previously held that the juvenile court may rely on indirect evidence of current substance use to draw reasonable inferences to support its determination. *See Dept. of Human Services v. N. A. S.*, 332 Or App 89, 95-96, 548 P3d 505 (2024) (rejecting the argument "that DHS needed to offer more concrete or direct evidence of contemporaneous substance abuse *** before the juvenile court can determine that the parent has made insufficient progress toward ameliorating the jurisdictional basis"). Given that mother admitted to using methamphetamine like others use alcohol and on special occasions, that she demonstrated heightened volatility in recent interactions in front of service providers, and that she refused to engage in services that would help ameliorate the substance use as a jurisdictional basis, the juvenile court reasonably concluded that mother was likely using substances in a manner that would impair her ability to safely parent her children at the time of the hearing.

DHS also presented evidence demonstrating mother's inability or unwillingness to provide for the basic physical, medical, dental, and educational needs of her children.

Throughout the history of the case, including at the time of the hearing, mother refused to engage meaningfully in services that DHS and other providers offered. In the two months that three of the children were temporarily returned to mother's custody, the children missed a significant amount of school and medical or counseling appointments that DHS had scheduled. Mother failed to replace one of her children's glasses even though DHS offered to facilitate the replacement. A service provider also witnessed two of the children riding scooters in the road without helmets and unsupervised, which caused a car to swerve in order to avoid hitting one of the children. Case workers had concerns about the cleanliness of the home, one stating that she had to step over dog excrement indoors.

From the foregoing facts, we conclude that the evidentiary record supports the juvenile court's holding that the original bases for jurisdiction continued to pose a current threat of serious loss or injury. *Dept. of Human Services v. A. R. S.*, 258 Or App 624, 634, 310 P3d 1186 (2013), *rev dismissed*, 2014 WL 5462426 (2014) (When determining whether jurisdiction should continue, it is enough to establish that "the conditions that were originally found to endanger a child persist." (Internal quotation marks omitted.)).

Next, we must determine whether there was sufficient evidence for the trial court to conclude that the current threat of serious loss or injury was likely to be realized absent jurisdiction. *T. L.*, 279 Or App at 684.

The juvenile court determined that mother's continued refusal to acknowledge her failure to safely parent her children or provide for their basic needs, exacerbated by her ongoing substance use, amounted to "chronic neglect" that, if the children were returned to mother's care, would pose a current threat of serious loss or injury likely to be realized. "Evidence that a parent has not fully acknowledged the extent or consequences of his or her past endangering conduct can be a basis for continued jurisdiction" when evidence is presented "that the parent's failure to do so makes it likely that the parent will engage in the conduct again." *Dept. of Human Services v. L. C.*, 267 Or App 731, 743, 343 P3d 645 (2014); *see also D. L.*, 308 Or App at 308 (When a

mother's lack of insight into her own problematic behavior "supplies a link between the adjudicated bases of jurisdiction and" more recent evidence of similar behavior, "[t]hat link *** permits the juvenile court's conclusion that the risk of harm is reasonably likely to be realized without continued wardship."). Applied to the facts of this case, we hold that evidence of mother's continued neglect of the children, especially those that were temporarily returned to her care, and her inability to acknowledge that her substance use continues to impair her ability to safely parent was legally sufficient to conclude that the threat of serious harm or injury was likely to be realized.

Affirmed.